UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pro-Life Action Ministries, Lucy Maloney, Thomas Wilkin, and Debra Braun, | Civ. No. 23-853 (JWB/DJF) |
| Plaintiffs, | |
| v. | **ORDER DISMISSING *SUA SPONTE* WITHOUT PREJUDICE FOR NONCOMPLIANCE WITH FED. R. CIV. P. 8** |
| City of Minneapolis, *a Minnesota municipality*, | |
| Defendant. | |

Erick G. Kaardal, Esq., Mohrman, Kaardal & Erickson, P.A., counsel for Plaintiffs.

The Court addresses the Complaint filed by Pro-Life Action Ministries, Lucy Maloney, Thomas Wilkin, and Debra Braun against the City of Minneapolis under 42 U.S.C. § 1983, alleging violations of their First Amendment rights through the application of a provision of the City Code. The Court examines whether the Complaint complies with Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 states that a complaint must include: (1) a brief and clear statement of the grounds for the court's jurisdiction; (2) a concise and plain statement of the claim demonstrating the pleader's entitlement to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8(d) further articulates that each allegation must be simple, direct, and concise. Although a plaintiff need not plead their claims in the fewest possible words, they must nevertheless keep their statement of the claims "short and plain." Fed. R. Civ. P. 8(a)(2). "Rule 8 was not promulgated to provide helpful advice; it has the force

of law, and it must be followed." *Gurman v. Metro Hous. and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011).

The purpose of the Rule "is to give notice to the other party and not to formulate issues or fully summarize the facts involved." *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 390 (8th Cir. 1968). Prolixity in pleadings unnecessarily burdens the court and the responding party, who is required to respond to the substance of each allegation in a pleading, statement by statement, paragraph by paragraph. *See* Fed. R. Civ. P. 8(b); *see also* Wright & Miller, *Federal Practice & Procedure* § 1281, 709 (3d ed.) ("Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage."). A district court can dismiss a complaint *sua sponte* for failure to follow Rule 8. *See Moen v. Jesson*, No. 11-cv-2906 (ADM/TNL), 2022 WL 5136017, at *1 (D. Minn. Oct. 5, 2022) (citing *Olson v. Little*, 978 F.2d 1264 (8th Cir. 1992) (affirming the court's *sua sponte* dismissal of a complaint under Rule 8)).

The current Complaint fails to comply with Rule 8, as it is neither short nor concise. Instead, it is excessive, spanning 59 pages and encompassing 285 numbered paragraphs. The Complaint features numerous allegations and paragraphs that are substantially repetitive. For instance, certain allegations appear multiple times, even within the Causes of Action sections after Plaintiffs have already incorporated prior paragraphs by reference. (*See, for example*, Compl. ¶¶ 60, 142; *see also* Compl. ¶¶ 203, 214.) This repetition imposes an unnecessary burden on both the Court and the Defendant, leading to confusion in some instances. With only three causes of action

against a single Defendant, all relating to a similar occurrence and falling under the First Amendment umbrella, such repetition is not substantially justified.

The Complaint also lacks clarity, as it includes extraneous information that obscures its core claims. For instance, some sections contain unnecessary legal conclusions (*see* Compl. ¶¶ 115, 146), hypotheticals (*see* Compl. ¶¶ 132–37), and commentary (*see* Introduction; *see also* ¶¶ 114, 147, 185–86). Additionally, other allegations do not clearly relate to the asserted claims. (*See* Compl. ¶¶ 27, 43–46.)[1] The Complaint is not the appropriate platform for sprawling and imprecise assertions, nor is it "an appropriate vehicle for aggregating masses of evidence or advancing premature legal arguments." *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 58 (D. Mass. 2015). Generally, plaintiffs need not explain legal principles in a pleading at all (*see* Fed. R. Civ. P. 8(a)(2)), nor justify in advance why the complaint should survive a Rule 12(b)(6) motion to dismiss. Only three elements are strictly necessary: a statement of jurisdiction; a statement of the events supporting the claims; and a statement of the relief sought. In this case, the Complaint's redundant and excessive content, along with superfluous commentary, contravene Rule 8's requirement for simplicity, directness, and clarity. *See* Fed. R. Civ. P. 8(d).

At bottom, this elaborate Complaint is a poignant reminder that doing too much can prove to be not enough. Because of the Rule 8 violation, the Complaint will be dismissed without prejudice. The Court will, however, stay the dismissal until May 15,

---

[1] The exemplar paragraphs cited to here are not an exhaustive list. Further, the Court finds the Complaint's allegations disorganized and unstructured, making the understanding of the relevant facts and claims hard to discern.

3

2023. Plaintiffs must file an Amended Complaint adhering to the Federal Rules of Civil Procedure by that date if they intend to proceed with this litigation. If Plaintiffs do not file an Amended Complaint within this time, the Court will dismiss this case with prejudice. *See Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (concluding complaint not in compliance with Rule 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint).

## ORDER

Considering the Complaint as filed, and finding the Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that:

1. The Complaint (Doc. No. 1) will be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure on **May 15, 2023**;

2. Plaintiffs must file an Amended Complaint by **May 15, 2023**. The Amended Complaint must comply with the Federal Rules of Civil Procedure, including Rule 8(a), which requires a short and plain statement showing entitlement to relief;

3. If Plaintiffs do not file an Amended Complaint by **May 15, 2023**, the Court will dismiss this case with prejudice; and

4. Plaintiffs must serve a copy of this Order on Defendant upon receipt. Defendant must answer or otherwise respond within 21 days after the filing of the Amended Complaint, if one is filed.

5

Date: April 13, 2023            _s/ Jerry W. Blackwell_
                                          JERRY W. BLACKWELL
                                          United States District Judge