UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Pro-Life Action Ministries, Lucy Maloney, Thomas Wilkin, and Debra Braun,

        Plaintiffs,

v.

City of Minneapolis, a Minnesota Municipality,

        Defendant.

Case No. 23-CV-853 (ECT/DJF)

**JOINT RULE 26(F) REPORT**

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on November 21, 2023, via videoconference and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for November 30, 2023, at 1:00 p.m. before United States Magistrate Judge Dulce J. Foster, by Zoom. The parties **do** believe the pretrial conference may be canceled and the pretrial scheduling order may be issued based on the parties' joint Rule 26(f) report.

**(a) Rule 7.1 Disclosures.**

The parties must comply with Rule 7.1, if applicable:

(1) For plaintiff: Rule 7.1 applies.
(2) For defendant: Rule 7.1 applies.

**(b) Description of the Case.**

(1) Concise factual summary of Plaintiff's claims:

Plaintiffs contend that Chapter 405 of the Minneapolis Code of Ordinances is unconstitutional. They allege that it infringes on their rights to freedom of speech and free exercise of religion. More specifically, Plaintiffs' amended complaint alleged that the Ordinance infringes on their right to free speech and is both vague

1

and overbroad (Count I), violates their right to expressive association (Count II), and violates their free exercise rights (Count III); but the District Court has dismissed without prejudice Count I to the extent it asserts a void-for-vagueness challenge and dismissed Count II in its entirety.

(2) Concise factual summary of Defendant's claims/defenses:

Defendant contends the ordinances are constitutional. Chapter 405 of the Minneapolis Code of Ordinances prohibits the following conduct:

- to "knowingly physically disrupt any person's access to, ingress to, or egress from a reproductive healthcare facility, or attempt to do so," except in certain limited circumstances; and

- to "knowingly enter onto or create an obstruction within a driveway during the reproductive healthcare facility's business hours," except in certain limited circumstances.

The ordinances are aimed at ensuring safe and unimpeded access for patients entering or exiting reproductive healthcare facilities to seek healthcare, and at promoting public safety and the unobstructed use of public sidewalks and roadways. To the extent they burden any First Amendment activity on a sidewalk that is part of the "driveway" regulated by the ordinances, the ordinances are content-neutral. They impose no more than reasonable time, place, and manner restrictions narrowly tailored to serve legitimate and significant government interests. And they leave open ample alternative channels for Plaintiffs to communicate any information or message.

(3) Statement of jurisdiction (including statutory citations):

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 (1)-(4) and 42 U.S.C. §§ 1983, 1985(2), (3) and § 1988 and the First Amendment of the United States Constitution.

(4) Summary of factual stipulations or agreements:

N/A

(5) A jury trial has been demanded by both parties.

(6) The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

**(c) Pleadings.**

All pleadings have been filed, and neither party plans to amend pleadings or add additional parties to the action.

**(d) Other Fact Discovery.**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **December 14, 2023**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **May 15, 2024**.

3. The parties do not believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    a) No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.
    b) No more than **25** document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).
    c) No more than **25** requests for admissions shall be served by each side.

5. No Rule 35 Medical Examinations shall be taken by Defendant.

6. No more than **four** fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

**(e) Expert Discovery.**

The parties anticipate that they will not require expert witnesses at trial.

**(f) Other Discovery Issues.**

(1) Discovery of Electronically Stored Information (ESI).

The parties have discussed the scope of ESI discovery, including relevance and proportionality, and any issues about preserving ESI. The parties have also discussed the form or forms in which ESI should be produced. The parties will stipulate to an ESI protocol within 30 days of entry of the Court's Scheduling Order.

　　　　a)　　Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and request the Court to include the following agreement in the scheduling order or as part of a protective order:
　　　　　　The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

**(g) Proposed Motion Schedule.**

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **December 29, 2023**.

(2) Motions seeking to amend the pleadings must be filed and served by **January 31, 2024**.

4

(3) Other non-dispositive motions and dispositive motions must be filed and served by **August 30, 2024**.

**(h) Trial.**

(1) The parties agree that this case will be ready for trial on or after **January 15, 2025**.

(2) The anticipated length of the jury trial is **three** days.

**(i) Insurance Carriers/Indemnitors.**

Defendant City of Minneapolis is self-insured.

**(j) Settlement.**

(1) The parties have discussed and agree that private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would not be productive, because the nature of the dispute (constitutionality of an ordinance) and the relief sought (declaratory/injunctive relief only) do not lend themselves to meaningful settlement options.

**(k) Trial by Magistrate Judge.**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

| | |
|---|---|
| DATE: November 22, 2023 | MOHRMAN, KARDAAL & ERICKSON, P.A. |
| | /s/Erick G. Kaardal |
| | Erick G. Kaardal (#0229647) |
| | Elizabeth A. Nielson (#0403696) |
| | 150 South Fifth Street, Suite 3100 |
| | Minneapolis, MN 55402 |
| | (612) 465-0927 |
| | (612) 465-0905 |
| | kaardal@mklaw.com |
| | nielson@mklaw.com |

THOMAS MORE SOCIETY

/s/B. Tyler Brooks
Peter Breen (IL Bar No. 6271981)
B. Tyler Brooks (NC Bar No. 37604)
309 W. Washington Street, Suite 1250
Chicago, IL 60606
(312) 782-1680
(336) 707-8855
pbreen@thomasmoresociety.org
tbrooks@thomasmoresociety.org

*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

DATE: November 22, 2023

KRISTYN ANDERSON
City Attorney

By /s/Munazza Humayun
TRACEY N. FUSSY (#0311807)
SHARDA ENSLIN (#0389370)
AMY SCHUTT (#0395647)
MUNAZZA HUMAYUN (#0390788)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2254
(612) 673-2180
(612) 673-5052
(612) 673-3152

tracey.fussy@minneapolismn.gov
sharda.enslin@minneapolismn.gov
amy.schutt@minneapolismn.gov
munazza.humayun@minneapolismn.gov

*Attorneys for Defendant*