# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Pro Life Action Ministries et al., | Case No. 23-cv-853 (ECT/DJF) |
| Plaintiffs, | |
| v. | **PROTECTIVE ORDER** |
| City of Minneapolis, | |
| Defendant. | |

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 44).  Having reviewed it, the Court **APPROVES** the Stipulation **IN PART**[1] and the following shall govern discovery in this matter:

1.      **Definitions.  As used in this protective order:**

 a.      "attorney" means an attorney who has appeared in this action;

 b.      "confidential document" means a document designated as confidential under this protective order;

 c.      To "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

 d.      "document" means information disclosed or produced in discovery, including at a deposition, or attached as an exhibit in support of a pleading or motion;

 e.      "notice" or "notify" means written notice;

 f.      "party" means a party to this action; and

 g.      "protected document" means a document protected by a privilege or the work-

---

[1] Sections with potentially material changes to the parties' proposed protective order are highlighted for ease of reference.

1

product doctrine.

**2.      Designating a Document or Deposition as Confidential.**

a.      A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information, which includes but is not limited to medical, and financial, or "not public data" under the Minnesota Government Data Practices Act ("MGDPA") (*see* definition of "not public data" in Minn. Stat. § 13.02, subd. 8a.).

b.      A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

c.      All extracts from and full or partial summaries or paraphrases of documents designated confidential shall be treated as protected in accordance with this Protective Order.

d.      The following private personnel data on government employees will not be produced in this action without a specific court order or agreement by the parties: home addresses, home telephone numbers, drivers' license numbers, medical and psychological data, dates of birth, Social Security numbers, and any information relating to the employees' family members or familial relationships. Defendant does not waive any Minnesota Government Data Practices ("MGDPA") objections to the production of any other private personnel data not specified above. *See* Minn. Stat. §13.43.

e.      If properly requested through discovery, Plaintiffs agree to execute any necessary releases for Defendant to obtain relevant documents and information, including but not limited to cell-phone records, directly from the appropriate entity that has possession of the documents and information. Such documents will be treated as confidential by the recipient and shall be so marked upon production. The parties do not waive any objections to the discovery requests, including objections to providing requested releases.

f.      Deposition testimony may be designated as confidential:

1.      On the record at the deposition; or

2.      After the deposition, by notifying the parties and those who were present at the deposition within 30 calendar days of the transcript being made available. All persons with copies of the deposition transcript shall then mark the confidential portions of the deposition as confidential. Until the 30-day period has expired, all deposition testimony and transcripts shall

be treated as confidential.

g.   If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.   Who May Receive a Confidential Document.**

a.   A confidential document may be used only in this action.  It is expressly agreed that confidential documents received in the course of this action may not be used for any purpose or advantage other than this action.

b.   No person receiving a confidential document may reveal it or disclose the contents of that document, except to:

   1.   the court and its staff;

   2.   an attorney or an attorney's partner, associate, or staff, who is assisting in this action;

   3.   a person shown on the face of the confidential document to have authored or received it;

   4.   a court reporter or videographer retained in connection with this action;

   5.   a party (subject to paragraph 3c);

   6.   if the parties enter into settlement discussions, elected or appointed officials or management-level employees of the City of Minneapolis who require access to the document to obtain, grant, or facilitate settlement authority;

   7.   any other person if the parties unanimously agree in writing to grant that person access; and

   8.   any person who:

      i.   is retained to assist a party or attorney with this action; and

      ii.   signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

            I have read, and agree to be bound by, the protective order in the case captioned *Pro-Life Ministries, et al. v. City of*

*Minneapolis,* Case No. 23-cv- 00853, in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 calendar days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

The name and case number shall be removed from this declaration and the protective order in the case of mock jury members who are retained to help evaluate the case.

c.   A party may supplement the "confidential" mark (see paragraph 2) with the words "attorney's eyes only" for information, documents or portions of documents that they believe in good faith are extremely sensitive such that disclosure to another party would create a substantial risk of harm that could not be avoided by less restrictive means. In such a case, the confidential information or document so designated as "attorney's eyes only" may not be revealed to another party. The parties do not waive the right to challenge the appropriateness of information or documents designated as "attorney's eyes only."

d.   If a confidential document is revealed to someone not entitled to receive it, the parties, immediately upon learning of the disclosure, must make reasonable efforts to retrieve it and must notify the producing party.

**4.   Subpoenas**

a.   A party serving a subpoena on a non-party must simultaneously (1) notify the opposing party and (2) serve a copy of this protective order and of Local Rule 5.6 on the subpoena recipient.

b.   If a party receives a subpoena or other court process that arguably calls for the production of confidential documents, that party shall give the other parties written notice of the subpoena or court process at least ten calendar days before producing any such confidential documents.

c.   A party serving a subpoena on a non-party must produce any documents received pursuant to the subpoena to the opposing party within ten business days.

5.      **Correcting an Error in Designation.**

   a.      A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 business days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

   b.      Any party receiving such improperly designated documents shall make reasonable efforts to retrieve any copies they have distributed of such documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.


6.      **Use of a Confidential Document in Court or Deposition.**

   a.      Filing. While this protective order does not authorize the filing of any document under seal, if confidential documents, including confidential portions of deposition transcripts, are to be included in any papers to be filed in the Court, the parties shall either: (1) redact the confidential information from the document before filing; or (2) if the confidential information is necessary to the filing, file the document under temporary seal and follow the procedure in Local Rule 5.6. Documents filed under temporary seal shall remain under temporary seal in accordance with Local Rule 5.6 until further action of the Court pursuant to Local Rule 5.6.

   b.      Nothing contained in this Protective Order shall preclude a party from showing any confidential documents to any third-party witnesses during a deposition, provided that:

      1.      The actual or potential witness may not be given a copy of any confidential documents to take with the witness;

      2.      The actual or potential witness shall be provided a copy of the Protective Order and be advised that it is applicable to him, her, or them. The actual or potential witness and his, her, or their attorney shall be informed that they are bound by the Protective Order, are required to hold confidential documents in confidence, and shall not disclose the confidential documents to anyone except as allowed under this Protective Order. The witness must agree on the record to abide by such terms or must sign the affirmation in paragraph 3(b)(7)(B);

      3.      If the witness refuses to abide by the terms of the Protective Order and the party providing the confidential documents refuses to withdraw its

assertion of confidentiality, the party seeking to use the confidential documents shall have the right to suspend the deposition and bring a motion before the Court seeking a ruling on the issue. The parties agree that the confidential documents in question shall not be used during the deposition pending a ruling from the Court; and

4. Nothing in this Protective Order shall be deemed to waive a party's right to object to the presentation of confidential documents to third-party witnesses, or their right to seek relief from the Court before the confidential documents are presented to third-party witnesses.

c. In the event that any confidential documents are presented during a deposition or shown to a non-party or third-party witness, such documents or information shall not lose their confidential, non-public, or private status through such use.

d. Presentation at a hearing or trial.

1. A party intending to present another party's or a non-party's confidential document, or information contained therein, at a hearing must notify and confer with the other party or the non-party at least 7 calendar days before the hearing regarding what information will be presented so that the other party or the non-party may seek relief from the court if necessary.

2. A party intending to present a party or a non-party's confidential document at trial must notify the party or non-party simultaneously with the filing of exhibit lists for trial so that the party or non-party may seek relief from the court if necessary.

e. Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, information, testimony or other evidence at trial.

**7.     Changing a Confidential Document's Designation.**

a. Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

b. Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

c. Changing a designation by court order. A party who cannot obtain agreement

to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

   a. Within 60 calendar days after the termination of this action (including any appeals), each party must:

      1. return or destroy all confidential documents (and copies thereof); and

      2. notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents (and copies thereof) within the 60-day period.

   b. Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

   c. No retained confidential documents or internal memoranda or notes discussing a confidential document may be disclosed or used for any other purpose other than for this action.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

   a. Notice.

      1. A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

      2. A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

   b. Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

7

10. **Security Precautions and Data Breaches.\**

    a.    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    b.    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **General provisions.**

    a.    Any party may move the Court for a modification of this Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provision enhancing or limiting confidentiality as may be appropriate.

    b.    No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

    c.    The obligations imposed by this Protective Order survive the termination of this action.

    **SO ORDERED**.


Dated: April 25, 2024          *s/ Dulce J. Foster*
                                   Dulce J. Foster
                                   United States Magistrate Judge