# UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

# CIVIL MOTION HEARING

### COURT MINUTES
BEFORE:  Dulce J. Foster
U.S. Magistrate Judge

Pro-Life Action Ministries, Lucy Maloney,
Thomas Wilkin, and Debra Braun,

                          Plaintiffs,

v.

City of Minneapolis,
a Minnesota municipality,

                          Defendant.

| | |
|---|---|
| Case No: | 23-cv-853 (ECT/DJF) |
| Date: | November 26, 2024 |
| Venue: | Zoom Video Hearing |
| Court Reporter: | Lynee Krenz |
| Recording: | Zoom Recording |
| Time Commenced: | 11:01 A.M. |
| Time Concluded: | 12:28 P.M. |
| Time in Court: | 1 Hour 27 Minutes |

**APPEARANCES:**

Plaintiff:    Primary Counsel – Peter Breen
              Other Counsel – Tyler Brooks, Amelia Knapp, Nathan Lloyd
              Paralegal – Amelia Knapp

Defendant:    Primary Counsel – Munazza Humayun
              Other Counsel – Sara Lathrop

**PROCEEDINGS:**  The parties presented oral argument regarding Plaintiff's *Motion to Compel* (ECF No. 82) ("Motion").

For the reasons stated on the record, the Court ordered that the Motion be **GRANTED IN PART AND DENIED IN PART** as follows:

1.    The Motion is **DENIED** as follows:
      a.    Pursuant to paragraph 9 of the Protective Order (ECF No. 49), the City may claw back each document it has identified as having been inadvertently disclosed, unless the document is identified (pursuant to paragraph 2 below or otherwise) as not protected under the attorney-client privilege, the work product doctrine or another applicable privilege or protection;
      b.    The City is not required to produce otherwise privileged or protected documents based on subject matter waiver; and
      c.    Plaintiff's request for reimbursement of its fees and expenses in making the Motion is denied.
2.    The Motion is **GRANTED** insofar as the City shall, on or before **December 17, 2024**:
      a.    Identify each document it has withheld or clawed back under an alleged privilege or protection on grounds that a non-attorney City employee lacking

authority to waive privilege communicated it to a third party ("Third-Party Communications);

b.    Meet with the City attorney(s) whose communications and/or work product establish the basis for the claimed privilege or protection as to any such Third-Party Communications;

c.    Meet with the non-attorney employee(s) who communicated the Third-Party Communications to a third party;

d.    Determine whether the City attorney authorized or was aware of the disclosure, such that the communication is not privileged; and

e.    Produce all Third-Party Communications that a City attorney either: (1) authorized; or (2) knew was occurring without taking steps to prevent the third-party disclosure.

☐ ORDER TO BE ISSUED    ☒ **NO ORDER TO BE ISSUED** ☐ R&R TO BE ISSUED ☐ NO R&R TO BE ISSUED

☐ Exhibits retained by the Court    ☐ Exhibits returned to counsel

Date: November 26, 2024                    /s *Daniel Caballero*
                                           Law Clerk