# EXHIBIT D

```
                                                            Page 1
 1              UNITED STATES DISTRICT COURT
 2                 DISTRICT OF MINNESOTA
 3   _____
 4   Pro-Life Action
     Ministries, Lucy Maloney,
 5   Thomas Wilkin, and Debra
     Braun,
 6
                  Plaintiffs,
 7                                          Case No.
     v.                                 23-CV-853 (ECT/DJF)
 8
     City of Minneapolis, a
 9   Minnesota municipality,
10                Defendant.
11   _____
12                      DEPOSITION OF
13                      LUCY MALONEY
14                 Monday, June 17, 2024
                   9:41 a.m. to 4:49 p.m.
15
                      Pages 1 to 213
16
17
                         LOCATION
18          Minneapolis City Attorney's Office
                   City Hall, Room 210
19                350 South Fifth Street
              Minneapolis, Minnesota 55415
20
21
22
23
24   JOB NO.:      MW 6751914
25   REPORTED BY:  Merilee Johnson, RDR, CRR, CRC, RSA
```

Page 2

```
 1                A P P E A R A N C E S
 2
 3    ON BEHALF OF PRO-LIFE ACTION MINISTRIES, LUCY
      MALONEY, THOMAS WILKIN, AND DEBRA BRAUN:
 4
      THOMAS MORE SOCIETY
 5    BY:    B. Tyler Brooks, Esq.
             309 West Washington Street
 6           Suite 1250
             Chicago, Illinois 60606
 7           Phone:  (312) 782-1680
             Email:  TBrooks@ThomasMoreSociety.org
 8
 9
      ON BEHALF OF CITY OF MINNEAPOLIS, A MINNESOTA
10    MUNICIPALITY:
11    MINNEAPOLIS CITY ATTORNEY'S OFFICE
      BY:    Munazza Humayun, Esq.
12           Tracey N. Fussy, Esq. (until 4:12 p.m.)
             City Hall, Room 210
13           350 South Fifth Street
             Minneapolis, Minnesota 55415
14           Phone:  (612) 673-3000
             Email:  Munazza.Humayun@MinneapolisMN.gov
15           Email:  Tracey.Fussy@MinneapolisMN.gov
16
      ALSO APPEARED:
17
             Thomas Wilkin (until 12:29 p.m.)
18           Sara Braun (until 12:29 p.m.)
19
20
21
22
23
24
25
```

```
                                                             Page 3
 1                            I N D E X
 2
 3   WITNESS: LUCY MALONEY                                    PAGE
 4   Examination by Ms. Humayun.....................   4
 5
 6   CAUTION or INSTRUCTIONS NOT TO ANSWER: (None.)
 7
 8   SPECIAL INSTRUCTIONS or REQUESTS: (None.)
 9
10                          E X H I B I T S
11
12   EXHIBITS MARKED AND FIRST REFERRED TO:             PAGE
13   Exhibit 1     Amended Complaint, page 15            60
14   Exhibit 2     Amended Complaint, page 17            63
15   Exhibit 3     Photocopy of blue and white           87
                   pamphlets
16
     Exhibit 4     Amended Complaint, pages 7, 8,       121
17                 9, and 10
18   Exhibit 5     Amended Complaint, Exhibit 1,        180
                   Ordinance
19
     Exhibit 6     Amended Complaint, page 21           180
20
            (Exhibits to be attached to transcript.)
21
22   REPORTER'S NOTE:  All quotations from exhibits are
     reflected in the manner in which they were read
23   into the record and do not necessarily indicate an
     exact quote from the document.
24
25
```

Page 4

1              (PROCEEDINGS, 06/17/2024, 9:41 a.m.)
2                          LUCY MALONEY,
3     duly affirmed, was examined and testified as follows:
4                           EXAMINATION
5     BY MS. HUMAYUN:
6         Q.   Good morning, Ms. Maloney.  Thank you for
7     coming in.  I'm Munazza Humayun.  Again, I'm with
8     the Minneapolis City Attorney's Office, and I'm
9     here with my co-counsel, Tracey Fussy, and we
10    represent the City of Minneapolis in this lawsuit,
11    PLAM versus City of Minneapolis.
12             I'll be asking you questions today, and I'm
13    going to start with some background questions about
14    you and about your experience with depositions and
15    the litigation in general, and then we'll move on
16    to the subject of the lawsuit.
17             And we can take a break at any time.  You
18    just let me know when you need a break, and we'll
19    try to break at the most convenient, closest point.
20    The only things we will not be able to take a break
21    when there's a question before you that you haven't
22    answered.
23             Does that make sense?
24        A.   Yes.
25        Q.   Perfect.  Can you please say and spell your

Page 5

1  first and last name for the record.
2       A.   Lucy, L-u-c-y, Maloney, M-a-l-o-n-e-y.
3       Q.   All right.  Have you ever been deposed
4  before?
5       A.   No.
6       Q.   I'm sure your counsel has explained the
7  process to you, but I'm going to go over some rules
8  just to make sure we both understand.  I'm going to
9  be asking you a series of questions, and you are to
10 answer them as accurately and as completely to the
11 best of your ability.
12           Do you understand that?
13      A.   Yes.
14      Q.   Have you taken any medication or any other
15 substance that might affect your ability to give
16 truthful and accurate testimony today?
17      A.   No.
18      Q.   Is there any other reason that your memory
19 might be affected today or that you might not be
20 able to give truthful or accurate answers today?
21      A.   No.
22      Q.   Okay.  Is there -- sorry.
23           So I am soft-spoken, and I'm sitting as
24 close to the court reporter, Merilee, as possible,
25 for that reason.  I can sense you are also a bit

1    A.   It also says in 405.20, number 1, it says,
2    "When crossing the driveway completely from one
3    side of the driveway to the other without stopping
4    or slowing and continuing into a destination beyond
5    the furthest lot line of the reproductive
6    healthcare facility."
7         And I really don't know where the furthest
8    lot line is.  I've also just had to guess in that.
9    So it's possible I have unknowingly violated the
10   ordinance, but to the best of my knowledge and
11   ability, I have not.
12       Q.   Okay.  At any of the other locations where
13   you've done sidewalk counseling besides the Uptown
14   Planned Parenthood, are you aware of any ordinance
15   or state law that contains similar prohibitions
16   that affect those other locations?
17       A.   Other than -- nothing, like, specific to a
18   reproductive facility other than the FACE law on
19   the federal level.  And for city ordinances, at
20   least, I believe, in Minneapolis, it's an ordinance
21   you can't block sidewalks or driveways and prevent
22   people from moving freely on those.
23        So that is just reasonable common sense in
24   place.  And I would expect it's probably in place
25   where the other locations are, but I don't know.

Page 207

1   Or a similar ordinance that states that you cannot
2   block driveways or sidewalks and physically impede
3   people from moving along them.
4        Q.   And the locations that you mentioned where
5   you've done sidewalk counseling, are they all
6   facilities where abortions are performed, to the
7   best of your knowledge?
8        A.   To the best of my knowledge, yes.
9        Q.   Okay.  Have you done sidewalk counseling
10  outside any building where you don't have reason to
11  believe abortions are performed?
12       A.   No, I don't recall doing that.
13       Q.   How about prayer rallies?  Have you done --
14  have you participated in a prayer rally outside
15  buildings where you don't have reason to believe
16  abortions are offered?
17       A.   Are you talking about a prayer rally where
18  we're praying for an end to abortion?
19       Q.   Correct.
20       A.   I mean, prayer rallies at the capitol --
21       Q.   Okay.
22       A.   -- for legislative reasons.
23            Prayer gatherings within churches.  Prayer
24  gatherings at a cemetery where there are aborted
25  children who were buried.