# EXHIBIT H

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PRO-LIFE ACTION MINISTRIES, LUCY MALONEY, THOMAS WILKIN, and DEBRA BRAUN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MINNEAPOLIS, a Minnesota municipality,<br><br>Defendant. | Case No. 23-CV-00853 (ECT/DJF)<br><br>**PLAINTIFFS' NOTICE OF VIDEO DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)** |

TO:  CITY OF MINNEAPOLIS, MINNESOTA
c/o Amy B. Schutt, Esq.
Sharda R. Enslin, Esq.
Tracey N. Fussy, Esq.
Munazza Humayun, Esq.
City of Minneapolis – City Attorney's Office
105 Fifth Avenue S., Ste. 200
Minneapolis, MN 55401

YOU ARE HEREBY NOTIFIED that on the **14th day of May, 2024**, beginning at **10:00 a.m.**, at MOHRMAN, KAARDAL & ERICKSON, P.A., whose address is 150 South Fifth Street, Suite 3100, Minneapolis, MN 55402, undersigned counsel will take the video deposition of the City of Minneapolis upon oral examination pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will be taken before and stenographically transcribed by a duly qualified and certified court reporter who is a notary

public or otherwise authorized by law to administer oaths and will be videotaped by a duly qualified videographer. The oral examination will continue from day to day until its completion.

The matters on which examination is requested are listed in Exhibit A attached hereto.

You are required by Rule 30 of the Federal Rules of Civil Procedure to designate one or more officers, directors or managing agents or other persons who consent to testify on your behalf and who have knowledge of the above matters and have them present themselves as the above time and place for examination upon oral deposition. The person so designated shall testify as to matters known or reasonably available to your organization. The person shall be designated to testify on your behalf regarding all information known or reasonably available to you with respect to the subject matters identified in Exhibit A.

Pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure and the previous request for production of documents served by Plaintiff in this case, the City is required to produce to Plaintiff's counsel at or before the deposition any documents reviewed or relied by the designated witness (or witnesses) prior to testifying.

Respectfully submitted, this <u>10th</u> day of April, 2024.

<u>/s/B. Tyler Brooks</u>
Peter Breen†
B. Tyler Brooks†
THOMAS MORE SOCIETY
309 W. Washington Street
Suite 1250
Chicago, IL 60606
Telephone: (312) 782-1680
Fax: (336) 900-6535
pbreen@thomasmoresociety.org
tbrooks@thomasmoresociety.org

† admitted *pro hac vice*

Erick G Kaardal
Elizabeth A. Nielson
MOHRMAN, KAARDAL & ERICKSON, P.A.
150 South Fifth Street
Suite 3100
Minneapolis, MN 55402
Telephone: (612) 465-0927
Fax: 612-341-1076
kaardal@mklaw.com
nielson@mklaw.com

*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024, I served a copy of the foregoing document upon the following counsel of record via email:

Amy B. Schutt
Sharda R. Enslin
Tracey N. Fussy
Munazza Humayun
City of Minneapolis – City Attorney's Office
105 Fifth Avenue S., Ste. 200
Minneapolis, MN 55401

*Attorneys for Defendant*

| | |
|---|---|
| Dated: <u>April 10, 2024</u> | <u>/s/B. Tyler Brooks</u><br>B. Tyler Brooks<br>THOMAS MORE SOCIETY<br>309 W. Washington St.<br>Suite 1250<br>Chicago, IL 60606<br>Telephone: (336) 707-8855<br>Fax: (336) 900-6535 |

# Exhibit A

*Definitions*

For purposes of this notice, the following definitions apply:

- "Chapter 405" refers to the Minneapolis ordinance challenged by Plaintiffs in this case and found at 405.10 to 405.50 of Title 15 the Minneapolis Code of Ordinances.

- "City" is defined as the City of Minneapolis, including the City Council and Mayor and all employees, agents, and attorneys of the City, unless another meaning is evident from the context.

- "Plaintiffs" is defined as the parties named as plaintiffs in this action as well as Pro-Life Action Ministries' employees, agents, and volunteers, unless another meaning is evident from the context.

- "The Planned Parenthood" is defined as the Planned Parenthood located at 1200 Lagoon Avenue, Minneapolis, Minnesota, unless another meaning is evident from the context.

*Deposition Topics*

1) The factual basis the City contends justifies a need for Chapter 405, including any incidents, accidents, injuries, complaints, and/or criminal offenses (or other alleged violations or breaches of law, whether allegedly involving Plaintiffs, anyone associated with Plaintiffs, or others).

2) The factual investigation undertaken by the City prior to enactment of Chapter 405, including any studies or reviews undertaken to assess the need for enactment of this Ordinance and its likely effects.

3) Any factual review undertaken by the City since enactment of Chapter 405 to assess its effects, implementation, and/or effectiveness, as well as any review undertaken since enactment of Chapter 405 to assess its impact on Plaintiffs' activities, on public safety, or on healthcare access at and around the Planned Parenthood.

4) Any surveillance conducted by the City of Plaintiffs' activities at the Planned Parenthood and the location of any records of such surveillance.

5) The nature and significance, as understood or contended by the City, of the activities and interactions depicted in the videos found at https://www.youtube.com/playlist?list=PLcNuebgSUruAGuHbYIxbwLd8NUhb593y5 as well as any other videos, photographs, and recordings the City may subsequently produce in discovery.

6) The legislative process used for developing and enacting Chapter 405.

7) The contents and location(s) of the legislative file or legislative record (as those terms are used by the City in its memorandum in support of its motion to dismiss the amended complaint) compiled by the City during development and enactment of Chapter 405.

8) The role of any private individual, business entity, nonprofit organization, governmental agency or body, association, political action committee, or special interest group in the development and enactment of Chapter 405, including their identities and the nature and extent of such role. This includes, but is not limited to, the role of Planned Parenthood in the development and enactment of Chapter 405.

9) The governmental interests the City contends are advanced or otherwise served by Chapter 405.

10) The alternatives to Chapter 405 considered or attempted by the City prior to its enactment and why the City deemed these alternatives to be inadequate.

11) What the City contends are adequate alternative channels or means for Plaintiffs to communicate their message and engage in their ministry in the vicinity of the Planned Parenthood, notwithstanding enactment and enforcement of Chapter 405.

12) The applicability of Chapter 405 to Plaintiffs' activities in the vicinity of the Planned Parenthood, including any steps taken to enforce Chapter 405 with respect to Plaintiffs' activities.

13) How the City interprets and intends to apply the prohibitions in Chapter 405.20 requiring that, "No person shall knowingly physically disrupt any person's access to, ingress to, or egress from a reproductive healthcare facility," including the interpretation and application of that section to

sidewalk counselors who do not knowingly obstruct or block or impede the progress of motor vehicles entering or exiting the Planned Parenthood

14) The City's reasons for including the exception in Chapter 405.20(4) for "employees, agents, and assigns" of Planned Parenthood and the City's understanding of the "scope of [] duties" of those individuals, including the efforts taken by the City to determine and understand the nature and extent of the "scope of [] duties" of those individuals.

15) The applicability of other local, state, and federal laws to Plaintiffs' activities in the vicinity of the Planned Parenthood, including any steps taken to enforce those laws, whether civilly or criminally, with respect to Plaintiffs' activities.

16) The consideration given by the City to expanding coverage of the Ordinance that would ultimately be enacted as Chapter 405 to apply to other facilities within the City, including, but not necessarily limited to, facilities that provide pregnancy related services but not abortions, such as crisis pregnancy centers.

17) The reasons for any alleged shortage of police officers faced by the City, when the City began experiencing any such shortage, the actions taken by the City to remedy it, and any specific impacts of an alleged shortage at and around the Planned Parenthood. This includes, but is not limited to, the facts at issue in *Spann v. Minneapolis City Council* as well as how it is determined whether the City has a shortage of police officers and how those officers are staffed in the precinct including the Planned Parenthood.

18) The process by which the City searched for, collected, and produced its discovery materials in this case.

19) Ordinances in other jurisdictions studied, reviewed, or relied upon to draft Chapter 405.