# EXHIBIT J

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

PRO-LIFE ACTION MINISTRIES, LUCY MALONEY, THOMAS WILKIN, and DEBRA BRAUN,

    Plaintiffs,

v.

CITY OF MINNEAPOLIS, a Minnesota municipality,

    Defendant.

Case No. 23-CV-00853 (ECT/DJF)

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES 8, 9, 10, AND 20**

Defendant City of Minneapolis provides the following supplemental responses to Plaintiffs' Interrogatory Nos. 8, 9, 10, and 20:

**Interrogatory No. 8:** Please describe how Chapter 405 is narrowly tailored to achieve any governmental interest identified in your answer to the preceding paragraph.

**SUPPLEMENTAL ANSWER:** Defendant re-states its objections to this interrogatory. Subject to and without waiving the objections, Defendant supplements its previous answer as follows: Section 405.30 is limited to a small area where vehicles primarily enter and leave the facility, and applies only to conduct during the business hours of the facility. Section 405.20 prohibits only "physically disrupting" a person's access to, ingress to, or egress from a reproductive healthcare facility. The ordinance addresses the specific problems identified with regard to patient access to the facility: obstruction of ingress, egress, and access; safety concerns; and traffic issues, among others. The ordinance leaves open copious alternative channels for communication of information, and any incidental burden on speech is no greater than is essential to promote legitimate and substantial government interests, as set forth in the depositions of the named Plaintiffs and PLAM's corporate representative's deposition.

**Interrogatory No. 9:** Please identify and describe each and every alternative to Chapter 405 considered by the City prior to its enactment.

**SUPPLEMENTAL ANSWER:** Defendant re-states its objections to this interrogatory and objects to the extent this interrogatory seeks privileged attorney-client communications or confidential attorney work product. Subject to and without waiving the objections, Defendant supplements its previous answer as follows: Defendant examined the provisions in existing statutes and ordinances (including the federal FACE Act; Minn. Stat. § 609.7495; and Minneapolis Code of Ordinances, sections 385.65, 466.20, and 478.90) to determine whether the problems identified could be adequately addressed through enforcement of those laws. Defendant reviewed records of calls to law enforcement about reported intimidation and other problems, as well as the response by law enforcement, to determine whether calls to police in response to specific incidents were an adequate remedy. Defendant considered whether assigning police officers to monitor the driveway and surrounding areas might be an option to address the problems, and determined that it would not be feasible to maintain such a police presence because of the City's already diminished law-enforcement resources, as set forth in documents Defendant identified as available on the public docket in *Spann v. City of Minneapolis*, Hennepin County District Court File 27-cv-20-10558,  Defendant considered whether erecting any physical barriers to protect the areas in the immediate vicinity of the entrances to reproductive health care facilities might address the issues. Defendant surveyed laws and ordinances enacted in other jurisdictions to address similar problems, including laws that created buffer zones. Defendant considered whether to have the provisions of the ordinance apply to other facilities beyond those eventually made subject to the ordinance, and whether to have the prohibitions in the ordinance apply at times beyond facility business hours or to an area larger than just the driveway.

**Interrogatory No. 10:** Please identify each and every means that you contend is an adequate alternative channel for Plaintiffs to communicate their message in the vicinity of 1200 Lagoon Ave, Minneapolis, MN 55408, notwithstanding the enactment and enforcement of Chapter 405.

**SUPPLEMENTAL ANSWER:** Defendant maintains its objections to this interrogatory because it seeks information equally or more readily available to or known to Plaintiffs, and because it seeks attorney work-product. Subject to and without waiving the objections, Defendant supplements its previous answer as follows: Plaintiffs may communicate (and have communicated, as depicted in videos produced by Plaintiffs) their message by speaking or waving or using other hand gestures indicating they would like the driver to slow down and roll down the window, and/or holding brochures, signs, posters, or placards on the areas of the public sidewalk immediately adjacent to the driveway, or by doing so from the sidewalk on the opposite side of Emerson Ave (i.e., directly across the street from the driveway); by speaking to and/or handing literature from the public sidewalk to individuals who are near the back entrance within the parking lot or who are in the driveway; by speaking to and/or handing literature to individuals from the public sidewalk near the Lagoon Avenue entrance to the building; by wearing clothing that indicates that they are there to help and provide resources, and/or that invites people to talk to them (for

example, a t-shirt that says, "My name is __ and I am here to help"); by speaking and/or gesturing from the public sidewalk to individuals who are within the parking lot, inviting them to come to the public sidewalk to speak to Plaintiffs. Plaintiffs may do all these things at a normal conversational distance, in a manner that communicates that they are interested not in condemning but in helping, and in a fashion that permits them to inform women of various alternatives in a caring and consensual conversation, if they wish to have such conversations. (Plaintiff Thomas Wilkin testified, however, that he has called out to women exiting Planned Parenthood, "Don't have your baby in the toilet." Videos produced by Plaintiffs show Wilkin saying this to numerous women who were entering or leaving the facility, after the ordinance passed. Plaintiffs also testified that the conversations they held in the driveway, before the ordinance passed, lasted "15 to 20 seconds," on average, "probably closer to 15 seconds maximum," allowing them to do little more than offer brochures and say, "I am here offering free resources if you are pregnant or if you know someone who is." Plaintiffs have testified that it was "not ideal" to have conversations about the difficult choices facing a pregnant woman considering an abortion in the driveway.) While on the public sidewalk but not in the driveway, Plaintiffs may also hold or place (and have placed, as depicted in videos produced by Plaintiffs) in the vicinity of the facility placards, signs, or posters that contain URLs or QR codes for PLAM's website or other websites that contain the same information that is provided in the printed brochures Plaintiffs carry. Plaintiffs may write—and have written—URLs or other messages in chalk on the portion of the public sidewalk that is not part of the driveway and that is visible from the large windows of the Planned Parenthood building facing Emerson Avenue. PLAM may also use a billboard to display some of its information, images, messaging, and/or URLs near 1200 Lagoon Avenue, as it does in other locations around the Twin Cities and elsewhere. This is a non-exhaustive list of alternative channels that remain available to Plaintiffs.

**Interrogatory No. 20:** If you have denied Request for Admission No. 2, in whole or in part, please identify with specificity (including by URL and date) the video or photograph that supports your denial and describe your basis for why that video or photograph depicts "knowingly physically obstructing, impeding, or hindering any person's access to, ingress to, or egress from the Planned Parenthood facility."

**SUPPLEMENTAL ANSWER:** Defendant re-states its objections to this interrogatory because it is vague and unduly burdensome, and because it assumes facts that have not been stipulated to (namely, the assumption in Plaintiffs' Request for Admission No. 2 that the City "contends" that persons depicted in the referenced videos are or are not "engaged in pro-life protest activity."). Subject to and without waiving the objections, Defendant understands that Plaintiff has agreed to rephrase this interrogatory as follows: "Identify which of the 12 brief video clips shown at a City Council meeting (and thus made part of the legislative record) show the conduct that would (allegedly) be ameliorated by the Ordinance." Defendant answers the rephrased interrogatory as follows: There were nine video clips shown at the City Council meeting, not 12. Of these, MPLS001969,

MPLS001967, MPLS001966, MPLS001974, MPLS001973, MPLS001971, and MPLS01970 show conduct directly addressed by the ordinance. MPLS001972 depicts conduct connected with the conduct prohibited by M.C.O. § 405.20. MPLS001968 shows conduct that creates similar dangers as those addressed by the ordinance, in the areas immediately adjacent to the driveway.

Dated: August 23, 2024

KRISTYN ANDERSON
City Attorney
By

*/s/Munazza Humayun*
TRACEY N. FUSSY (#0311807)
SARA LATHROP (#310232)
SHARDA ENSLIN (#0389370)
MUNAZZA HUMAYUN (#0390788)
AMY SCHUTT (#0395647)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2254
(612) 431-1826
(612) 673-2180
(612) 673-3152
(612) 673-5052
tracey.fussy@minneapolismn.gov
sara.lathrop@minneapolismn.gov
sharda.enslin@minneapolismn.gov
munazza.humayun@minneapolismn.gov
amy.schutt@minneapolismn.gov

*Attorneys for Defendant*