UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PRO-LIFE ACTION MINISTRIES, LUCY MALONEY, THOMAS WILKIN, and DEBRA BRAUN,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF MINNEAPOLIS, a Minnesota municipality,<br><br>    Defendant. | Case No. 23-CV-00853 (ECT/DJF)<br><br>**DEFENDANT'S CORRECTED OBJECTIONS TO PLAINTIFFS' BILL OF COSTS** |

## INTRODUCTION

Plaintiffs have submitted a statutory Bill of Costs seeking $6,730.40 in costs. Of this amount, $802 is for fees of the clerk. The remaining amount is associated with depositions that the City took of Plaintiffs. The Bill of Costs should be reduced to $802.00, because the remaining amount Plaintiffs seek is not recoverable under 28 U.S.C. § 1920.

## LEGAL STANDARD

Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

>    (1) Fees of the clerk and marshal;
>
>    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under section 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

**ARGUMENT**

**I.     Plaintiffs' request for costs of deposition transcripts must be denied because Plaintiffs did not necessarily obtain these transcripts for use in the case.**

Taxation of "fees for printed or electronically recorded transcripts" is permitted only if these were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiffs are seeking fees for transcripts of four depositions that they did not necessarily obtain for use in the case. *See* Dkt. 110-1.

With respect to deposition transcripts, the Eighth Circuit has interpreted 28 U.S.C. § 1920(2) to mean transcript costs for depositions that were "not purely investigative." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (alteration and internal quotation marks omitted). In this case, Plaintiffs

considered the depositions of Lucy Maloney, Debra Braun, Thomas Wilkin, and Brian Gibson (Plaintiff Pro-Life Action Ministries' Rule 30(b)(6) deponent) purely investigative; therefore, they may not tax the fees for transcripts of those depositions.

Plaintiffs filed this lawsuit in April 2023.  Plaintiffs' claims in the lawsuit were that the City enacted an ordinance in November 2022 that was unconstitutional.  Plaintiffs have made clear their view of the depositions the City took during the litigation, writing in their memorandum in support of their petition for attorneys' fees and costs:

> Additionally, the majority of the recorded hours are directly attributable to **the City's aggressive defense**, which **included** broad requests for production and **redundant depositions of Plaintiffs**, including three sidewalk counselors with no history of violating the FACE Act or Ch. 405, and who had nearly identical experiences with Chapter 405.  Breen Decl. para 41.  Moreover, the City made the unusual decision to intensely probe Plaintiffs' actions and motivations, despite the already-public legislative record, which supposedly justified passing Chapter 405 on its own, containing zero evidence they had ever done anything improper.  **The decision was all the more unusual given that the City—not Plaintiffs—bore the burden of justifying the ordinance after losing its Motion to Dismiss, and should have been able to do so with evidence it already possessed at the time of passage.** The city decided to aggressively litigate discovery and must live with its decision.

Dkt. 113, at 25-26 (emphasis added).

Plaintiffs therefore viewed these depositions as "purely investigative," not at all pertinent to the ultimate issues in the case.  As Plaintiffs state in support of

3

their petition for attorneys' fees, they contend that any testimony obtained at these depositions would have been immaterial, because the City bore the burden of proving that the ordinance was justified, and that burden had to be met with evidence that the City possessed at the time of passing the ordinance. In other words, Plaintiffs' view is that any evidence obtained after the ordinance was passed (and after the lawsuit commenced—such as evidence obtained at these depositions) could have no effect on the outcome of the case. According to Plaintiffs, then, any evidence obtained at these depositions would not have mattered, and therefore it was not *necessary* for Plaintiffs to obtain transcripts of the depositions *for use in the case*.

Plaintiffs have not shown that the costs they seek associated with these depositions are taxable, because they have not demonstrated that they "necessarily obtained" these transcripts "for use in the case." Instead, they have argued the opposite. Plaintiffs also never used these deposition transcripts in support of any motion or in any court proceeding. Therefore, these costs may not be taxed under 28 U.S.C. § 1920.

(In addition to the fees for transcripts of these depositions, Plaintiffs are also seeking the costs of additional materials, such as "Smart Summaries" of the transcripts, which are not taxable under 28 U.S.C. § 1920. *See* Dkt. 110-

1, pp. 2-5 (Veritext invoices). Defendant also objects to those portions of the Bill of Costs on this separate ground.)

**CONCLUSION**

Defendant objects to Plaintiffs' Bill of Costs to the extent it seeks taxation of costs related to depositions. Taxation of these deposition-related costs is not permitted under 28 U.S.C. § 1920, and must be denied. Defendant does not object to the remaining portion of Plaintiffs' Bill of Costs (i.e., the portion that seeks taxation of filing fees of $802).

Dated: February 4, 2025

KRISTYN ANDERSON
City Attorney
By

*/s/Munazza Humayun*
TRACEY N. FUSSY (#0311807)
SARA LATHROP (#310232)
ADAM E. SZYMANSKI (#0397704)
MUNAZZA HUMAYUN (#0390788)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 431-1826
tracey.fussy@minneapolismn.gov
sara.lathrop@minneapolismn.gov
adam.szymanski@minneapolismn.gov
munazza.humayun@minneapolismn.gov

*Attorneys for Defendant*