UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pro-Life Action Ministries, Lucy Maloney, Thomas Wilkin, and Debra Braun,<br><br>      Plaintiffs,<br><br>vs.<br><br>City of Minneapolis, a Minnesota municipality,<br><br>      Defendant. | Court File No. 23-CV-00853 (ECT/DJF)<br><br>DECLARATION OF<br>SARA J. LATHROP |

1.	My name is Sara J. Lathrop. I am an Assistant City Attorney for the City of Minneapolis. I am one of the attorneys representing Defendant in this matter. I submit this declaration in opposition to Plaintiffs' fee petition.

2.	In preparation of this declaration, I reviewed all of the written discovery exchanged between the parties in this case, the documents in our e-discovery platform for this case, and the depositions conducted in this case. Plaintiffs served 21 interrogatories, 21 document requests, and 19 requests for admission upon the City, and the City served 10 interrogatories and 12 document requests upon Plaintiffs. The parties combined produced 6,569 pages of documents. Planned Parenthood produced 1,220 pages of documents pursuant to a subpoena. The City deposed the Plaintiffs, and Plaintiffs deposed two employees of Planned Parenthood, Tim Stanley and Kelli Williams, and Lisa Goodman, the former City Council member who sponsored the ordinance at issue. From the transcript of Goodman's deposition I calculated its length excluding breaks,

which was approximately three and a half hours. I did the same for the deposition of Planned Parenthood's Tim Stanley and it was approximately three and one quarter hours. Plaintiffs noticed a corporate deposition of the City, but the case settled before the deposition occurred.

3. During an informal dispute resolution conference before Judge Foster in July 2024, the Court ordered the City to re-review the documents on its privilege log, and to the extent that there was a document that showed that the entire City Council knew that an official was sharing privileged information with a third party, or that one of the City's attorneys knew about the disclosure, to produce the documents to Plaintiffs. Doc. 121 at 49. The City did so, and found none.

4. During the hearing on Plaintiffs' motion to compel discovery, the Court stated that she heard a new argument during the hearing that perhaps a City Attorney did know that a City official shared privileged information with a third party, and ordered the City to reconfirm that this was not the case. Doc. 122 at 57-58. The City did so and informed Plaintiffs that the City's attorneys did not know that the official had shared privileged information. A true and correct copy of my colleague Munazza Humayun's letter reporting this information to Plaintiffs' attorneys is attached hereto as Exhibit 1. Because this review confirmed that the City's attorneys did not know the privileged information was being shared, the City produced no previously-withheld documents to Plaintiffs pursuant to this review.

5. Attached hereto as Exhibit 2 is true and correct copy of a November 5, 2024, settlement demand letter from Plaintiffs' counsel.

6. Attached hereto as Exhibit 3 is a true and correct copy of the December 5, 2024, Council action amending M.C.O. 405.

7. On approximately December 9, 2024, I spoke with Plaintiffs' attorney Tyler Brooks. In the conversation I recall Mr. Brooks asking for assurance that Plaintiffs could resume sidewalk counseling as described in the Amended Complaint. I recall responding that the amended ordinance exempted conduct protected by law and declined to characterize whether all of the conduct described by the Amended Complaint was protected by law. Attached hereto as Exhibit 4 is a true and correct copy of a December 10, 2024, letter, Brooks sent the next day. Attached as Exhibit 5 is a true and correct copy of an email I sent to Mr. Brooks in response to Exhibit 4.

8. Attached hereto as Exhibit 6 is a true and correct copy of an email between my colleague Kristin Sarff and local plaintiffs-side civil rights attorney Eric Rice, settling a claim for Rule 68 attorney's fees at $450/hour rate in the *Stallings v Bittell* matter. I am aware that the fees did settle for $450/hour in that case.

9. I am aware that in *Khounedaleth v. City of Minneapolis*, my colleagues settled a claim for Rule 68 attorney's fees at a rate of $400/hour.

10. Attached hereto as Exhibit 7 is a true and correct copy of the Declaration of David G. Redding filed in *Hebb v. Asheville*, case 22-cv-222 (W.D.N.C), Doc. 30-5.

11. Attached hereto as Exhibit 8 is a true and correct copy of a printout of the website https://www.btylerbrookslawyer.com/ las accessed February 20, 2025.

3

12. Attached hereto as Exhibit 9 is a true and correct copy of a printout from North Carolina State Board of Elections showing voter data for Brennan Tyler Brooks in North Carolina through November 2024, last accessed February 18, 2025.

13. Attached hereto as Exhibit 10 is a true and correct copy of the Complaint in *Loyd v. Brient IP Law*, LLC, 24-cv-190 (N.D. Ga.), Doc. 1.

14. Attached hereto as Exhibit 11 is a true and correct copy of the Civil Cover Sheet in the same case, Doc. 1-1.

15. Attached hereto as Exhibit 12 is a true and correct copy of Plaintiffs' initial disclosures in this case.

16. To calculate the requested cost for tasks in the fee petition, I multiplied the claimed hours for individual entries in Plaintiff's billing record (Doc. 115-12), by the rate requested for the biller in Plaintiffs' fee petition motion papers filed January 23, 2025. Plaintiffs did file updated versions of several documents on February 18, 2025, nearly a month after the City began preparing its response to the fee petition, but the City based its calculations (excluding the post-Rule 68 entries that Plaintiffs have withdrawn) on the billing statement submitted as Doc. 115-12 on January 23, 2025.  To the best of my knowledge the January 23, 2025, entries should be identical to the February 18, 2025, entries, except that hours Plaintiffs entered after the service of Rule 68 offers were deducted.  However, for the Court's convenience, the City has updated its citations in its memorandum to the amended versions of the documents filed on February 18, 2025, and did not include the withdrawn post-Rule-68-offer entries in any calculations.

4

17. I have been practicing law in Minnesota since 2001, and defending Section 1983 lawsuits locally since at least 2007. During that more than 17 years I have worked on hundreds of cases involving fee shifting in constitutional claims under Section 1988, and have learned Plaintiffs' attorneys' hourly rates in these cases through settlement negotiations and fee petitions for all of those years. I believe my client the City of Minneapolis defends more Section 1983 litigation than any other party in this district. There are many experienced, accomplished plaintiffs'-side Section 1983 attorneys practicing in the local market, and in my experience, the vast majority of Section 1983 cases are litigated by capable attorneys who bill these cases (in current dollars) in the range of approximately $400 to $500 per hour. While Bob Bennett may have been awarded a fee of $855/hour in a recent case, most of the attorneys bill at a much lower rate.

18. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed pursuant to 28 U.S.C. § 1746 on today's date February 20, 2025.

 _s/ Sara J. Lathrop_
 Sara J. Lathrop