

November 5, 2024

**VIA EMAIL ONLY**

Tracey N. Fussy, Esq.
Munazza Humayun, Esq.
Sara Lathrop, Esq.
Adam Szymanski, Esq.
City of Minneapolis – City Attorney's Office
105 Fifth Avenue S., Ste. 200
Minneapolis, MN 55401

Re:   *Pro-Life Action Ministries v. City of Minneapolis*, No. 0:23-cv-00853 (D. Minn.);
      Settlement Demand (Inadmissible Pursuant to Fed. R. Evid. 408)

Dear Counsel:

As you know, Judge Foster entered an order on October 25, 2024, requiring the parties to meet and confer regarding possible settlement by November 1, 2024. On October 31, 2024, counsel met via Microsoft Teams.

Plaintiffs propose to settle their lawsuit through entry of an injunction preventing the enforcement or attempted enforcement of Chapter 405 of the Minneapolis Code of Ordinances by the City and an award of nominal damages ($1.00) as well as an award to Plaintiffs of reasonable attorneys' fees and costs of the action, in such amount as either agreed to by the parties or determined by the Court. This would resolve all claims in the action, including the parties' pending discovery disputes.

As to the issue of attorneys' fees, Plaintiffs' counsel have expended considerable time on this matter, including time preparing the case and initial pleadings, defending against the City's motion to dismiss, along with time taking and defending (to date) seven depositions and time engaging in extensive written discovery, including the time necessary to resolve numerous discovery disputes. If this matter proceeded to litigation, we believe we would be entitled to either a national rate or a Chicago rate for our Thomas More Society attorneys. *See, e.g., See Intervarsity Christian Fellowship/USA v. Univ. of Iowa*, No. 3:18-cv-00080-SMR-SBJ (S.D. Iowa), Dkt. #100, at pg. 8; see also id., 2021 WL 12096987, at *2 (S.D.Iowa Nov. 18, 2021) (noting similar firm to Thomas More Society entitled to at least a

(significantly reduced from market rates) range between $759/hr. to $914/hr., and recognizing that a "national market rate [ ] provide[d] the reasonable hourly rate" given "the complex nature of the constitutional issues presented" and the extensive experience of plaintiffs' counsel). However, for purposes of the present settlement discussions, we are willing to apply a Minneapolis rate. The hours asserted here, for settlement purposes, do not reflect the full amount of time spent by all personnel on the case. And of course, these amounts will increase significantly if we are forced to litigate this matter through trial.

The reduced rate and time for each attorney and paralegal we present, for settlement purposes only, are as follows:

| Attorney/Paralegal | Rate | Hours | Total |
|---|---|---|---|
| Peter Breen | $750 | 174.5 | $130,875.00 |
| Erick Kaardal | $750 | 12.6 | $9,450.00 |
| Joan M. Mannix | $750 | 14.5 | $10,875.00 |
| Michael McHale | $625 | 10.2 | $6,375.00 |
| B. Tyler Brooks | $625 | 520.4 | $325,250.00 |
| Elizabeth Nielson | $450 | 2.9 | $1,305.00 |
| Nathan Loyd | $450 | 340.7 | $153,315.00 |
| Paralegal | $250 | 73.1 | $18,275.00 |

The above comes to a total of $655,720.00.

The Court's October 25 Order further directs the parties to each submit a letter "describing the settlement discussions that have taken place, whether and when the party believes a settlement conference or private mediation might be most productive, and what additional discovery or motion practice might be needed to maximize the chances of reaching a settlement in such a conference." Plaintiffs are willing to engage in a settlement conference hosted through the Court, if the City believes that it might help resolve this matter. Plaintiffs believe that any such mediation would be more effective if conducted prior to the parties' filing of motions for summary judgment.

With respect to the issue of additional discovery or motion practice, we intend to inform the Court in our letter that we will file a motion for summary judgment at the appropriate time. Additionally, there is the pending discovery dispute as to whether the City has waived its claims of privilege, which the Court will hear on November 26. Further, as we advised in our conference last Thursday, Plaintiffs also object to the City's untimely and manifestly improper attempt to disclose four wholly new witnesses as part of its "amended" Rule 26(a) initial disclosures. We will inform the Court that there this issue may require its intervention if we are unable to resolve

it amongst ourselves.

    Please let us know the City's response to our settlement demand at your earliest convenience.

                                    Very truly yours,

                                    /s/Peter Breen
Peter Breen
*Executive Vice President &*
*Head of Litigation*

/s/B. Tyler Brooks
B. Tyler Brooks
*Senior Counsel*

Joan M. Mannix
*Executive Vice President &*
*Managing Counsel*

Nathan Loyd
*Staff Counsel*


cc:    Erick Kaardal, Esq.
         Elizabeth Nielson, Esq.