



**From:** Eric A. Rice <eric@ricedefense.com>
**Sent:** Friday, April 22, 2022 4:20 PM
**To:** Sarff, Kristin R <Kristin.Sarff@minneapolismn.gov>
**Subject:** Re: [EXTERNAL] Stallings v. Bittell, Fees and Costs

Thanks for your message. I respect your position and appreciate your good-faith effort to reach a mutual agreement. Would a rate of $450 per hour be agreeable to resolve this issue? That is less than my standard business litigation rate, and I hope that it permits us to fully resolve this matter.

Please let me know if you want to discuss further or if I can provide anything else.

Have a good weekend,

Eric

--
Eric Rice
Law Office of Eric A. Rice, LLC
1 W. Water St., Ste. 275
St. Paul, MN 55107
Phone: (651) 998-9660
Fax: (651) 344-0763
Email: eric@ricedefense.com
http://ricedefense.com

The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any.

This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

Lathrop Ex. 6

On Fri, Apr 22, 2022 at 2:46 PM Sarff, Kristin R <Kristin.Sarff@minneapolismn.gov> wrote:

> Hello Eric,
>
> Thank you for sending me a breakdown of your proposed attorney's fees and costs in this matter.  There were several entries that I do not believe you would likely to be able to recover in this matter, including, for example, the entry made on the date of the Defendants' Rule 68 Offer of Judgment.  However, in the interest of compromise, I believe that we could consider the entries listed if we can come to an agreement on an hourly rate.  Candidly, the proposed $650 rate is pretty high.  The proposed rate needs to be considered in light of the prevailing rates for lawyers practicing Section 1983 litigation with comparable skill, experience and reputation.  Without in any way attempting to diminish your accomplishments, the number of entries and time dedicated to researching Section 1983 claims and the apparent absence of prior Section 1983 litigation suggests that the rate is high.  Our office recently resolved another claim for fees in association with a Rule 68 Offer at a rate of $400 per hour.  I am willing to propose that the City accept resolution of the stated entries at an hourly rate of $400.
>
> Let me know what you think, and if you'd like to talk.  I'm pretty open next week.
>
> Thank you,
>
> Kristin
>
> **Kristin R. Sarff**
> Assistant City Attorney
> Minneapolis City Attorney's Office
> 350 South 5th Street
> City Hall – Room 210
> Minneapolis, MN 55415
> (612) 673-3919
>
> ---
>
> **From:** Eric A. Rice <eric@ricedefense.com>
> **Sent:** Thursday, April 14, 2022 1:14 PM
> **To:** Sarff, Kristin R <Kristin.Sarff@minneapolismn.gov>
> **Subject:** [EXTERNAL] Stallings v. Bittell, Fees and Costs
>
> I have attached my time and expense records in the *Stallings* matter for your review. I have valued my services at $650 per hour, which is a reasonable rate for my experience and services on this matter.
>
> I provide these records and requested fees with the hope that we can reach an agreement on fees and costs. I reserve the right to modify my fee request, including increased scope of work and rate, if we cannot reach an agreement.
>
> To promote an agreement, I have excluded certain services. I have not included any services from

Lathrop Ex. 6

Mr. Stallings' criminal matter or other collateral services that were not directly related to research, communications, and documents in the civil action. These excluded matters resulted in significantly reduced time spent on the civil matter as I had a base of knowledge that is not reflected solely on the time listed in the attachment. These excluded services included video and evidence review, client consultation, potential witness interviews, and research.

I also excluded all items related to Defendant Kroll's motion to dismiss and settlement agreement, as that does not relate to the defendants that you represent.

I also excluded services provided after receipt of the offer of judgment and services related to preparing a fee request. These services may be claimed, however, if contested proceedings are required to resolve fees and costs.

Please let me know what additional information that I can provide regarding my fee request. In the interest of coming to an agreement and reducing additional, unnecessary services, I have not yet prepared a formal affidavit or supplemental materials that would accompany a disputed fee request. If those materials are required, I reserve the right to include those services in my contested fee request.

The requested fee is reasonable given my background and the nature of this case. The matter involved substantial video recordings and evidence review. My efforts to obtain information were obstructed by the defendants and required careful scrutiny of the available materials. The claims also required substantial legal research as they were interconnected and applied across intersections of legal doctrines. Diligent and detail-oriented work was required to obtain a favorable outcome as my client's position and assertions were strongly challenged by the defendants.

As for my background, I am an experienced criminal defense and civil litigator. I graduated from Harvard Law School and have earned accolades for my work from clients, opposing counsel, and judges. For my prior work with Mr. Stallings, I was named one of Minnesota Lawyer's Attorneys of the Year 2021.

I believe that my work on the civil matter shows thorough and effective services. I took this matter on a contingency basis, and I bore the full risk of services and costs if there was not a recovery. I understand from our initial discussions that that risk was significant at the outset. Given these facts, $650 per hour is a reasonable rate for my services on this matter. However, I reserve the opportunity to request a higher rate if fees are contested, and I expect to support that request with expert analysis and comparative data showing that a higher fee is reasonable and justified.

Please let me know your thoughts after you've had a chance to review the materials. Please let me know if I can provide any additional information at this time.

Sincerely,

Eric Rice

--
Eric Rice

Law Office of Eric A. Rice, LLC

1 W. Water St., Ste. 275

St. Paul, MN 55107

Phone: (651) 998-9660

Fax: (651) 344-0763

Email: eric@ricedefense.com

http://ricedefense.com

The information contained in this e-mail message and any attachments hereto is privileged and confidential information intended for the use of the individual or entity named in the address. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please inform the sender of the error and delete the message and attachments, if any.

This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

[EXTERNAL] This email originated from outside of the City of Minneapolis. Please exercise caution when opening links or attachments.